**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Wiley Ivory,** ) | **CASE NO. 1:12 CV 3092** |
| ) | |
| Petitioner, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Jason Bunting,** ) | |
| ) | |
| Respondent. ) | |

### INTRODUCTION

*Pro se* Petitioner Wiley Ivory filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the Marion Correctional Institution, serving a twenty-four year sentence for rape, kidnaping, and gross sexual imposition. Petitioner claims his offenses should have been merged for sentencing. For the reasons set forth below, the Petition is denied and this action is dismissed.

### BACKGROUND

Petitioner previously lived with Debbie Horton and her two daughters, P and T. *See State of Ohio v. Ivory*, No.79722, 2002 WL 451200 (Ohio App. 8 Dist. Mar. 21, 2002). Petitioner had become a father-figure to P and T who were ages 13 and 10 respectively. After Petitioner's relationship with Horton ended, P and T frequently spent weekends with Petitioner

at his home.

On March 25, 2000, P and T were staying overnight with Petitioner. T testified that Petitioner grabbed her arm, took her from the game room in his home and into his bedroom. She claimed he unzipped her pants and fondled her. She objected and asked him stop. He complied and she retreated to the attic of his home where she remained for the night.

P testified that while T was in the attic, Petitioner grabbed her from the hallway and forced her into his bedroom. She claimed he handcuffed her and raped her.

Later, Horton noticed that P was acting strangely. She questioned P, and finally P admitted to Horton that Petitioner had sexually assaulted her. Horton questioned T and learned that she had also been attacked by Petitioner. Horton took P to the hospital and telephoned police. P tested positive for a sexually transmitted disease and became pregnant. The pregnancy was terminated, and DNA tests confirmed Petitioner was the father of the fetus.

Petitioner was arrested and charged with one count of rape and one count of kidnaping for his offenses against P, and one count of gross sexual imposition and one count of kidnaping in connection with his offenses against T. The charges were presented at trial to a jury, which found him guilty of all charges. He was sentenced on January 17, 2001 to nine years on the rape charge, eight years on one count of kidnaping, seven years on the second count of kidnaping, and four years for gross sexual imposition. Counts one, two, and three are served consecutively. Count four is served concurrent to counts one, two, and three. The court also classified him as a sexual predator.

**PROCEDURAL HISTORY**

**I. Direct Appeal**

Petitioner filed a timely Notice of Appeal to the Ohio Eighth District Court of Appeals. He asserted three assignments of error:

> 1. The trial court abused its discretion and denied appellant his right to a fair and impartial jury guaranteed to him by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when it denied appellant's motion for a mistrial;
>
> 2. The conviction of Wiley Ivory was against the manifest weight of the evidence; and
>
> 3. The trial court erred when it denied appellant's motion for a directed verdict regarding his classification as a sexual predator.

*See State of Ohio v. Ivory*, No.79722, 2002 WL 451200 at *1-4 (Ohio App. 8 Dist. Mar. 21, 2002). The Court of Appeals considered each of these grounds on the merits and affirmed his conviction on March 21, 2002. *Id.* at *5.

Petitioner appealed his conviction to the Ohio Supreme Court on May 16, 2002. *See State of Ohio v. Ivory*, No. 2002-830 (Ohio S.Ct. filed May 16, 2002). His appeal was dismissed by the Court on September 11, 2002. *Id.*

**II. Application to Re-Open Appeal**

Petitioner filed a timely Application to Re-Open Appeal pursuant to Ohio App. Rule 26(B) asserting ineffective assistance of appellate counsel. *See State of Ohio v. Ivory*, No. 79722, 2002 WL 31528800 (Ohio App. 8 Dist. Nov. 14, 2002). He claimed his appellate counsel failed to raise a claim for ineffective assistance of trial counsel. *Id.* at *1. Petitioner argued that his trial counsel did not object to the trial court's practice of allowing the jurors to submit questions to witnesses. *Id.* at * 2. He also claimed his appellate counsel was ineffective

-3-

for failing to anticipate that the Ohio Supreme Court would certify this issue as a conflict. *Id.*

The Court of Appeals denied the Application on November 14, 2002. The Court of Appeals first held that the Application was barred by the doctrine of *res judicata*, as both the ineffective assistance of counsel claim and the underlying claim could have been asserted on direct appeal and in Petitioner's appeal to the Ohio Supreme Court. *Id.* at *1. The Court also ruled on the merits of Petitioner's claim, finding that his appellate counsel was not ineffective. *Id.* at *1-2. It does not appear that Petitioner appealed this decision.

### III. Post Judgment Motion

Nine years later, on September 26, 2011, Petitioner filed a Motion for Resentencing in the trial court. *See State of Ohio v. Ivory*, No. 97429, 2012 WL 589566, at * 1 (Ohio App. 8 Dist. Feb. 23, 2012.). Petitioner argued that rape, kidnaping, and gross sexual imposition were allied offenses of similar import which should have been merged for sentencing purposes. *Id.* The trial court denied the Motion and Petitioner appealed that decision. *Id.*

On appeal, Petitioner asserted one assignment of error:

> 1. The trial court erred in failing to hold that the offenses of rape, gross sexual imposition, and kidnaping were allied offenses of similar import requiring merger of the offenses for the purposes of sentencing.

*Id*. The Court of Appeals affirmed the judgment of the trial court on February 23, 2012 finding the issue to be barred by the doctrine of *res judicata* because the claim could have been raised in Petitioner's direct appeal. *Id.* at *2.

Petitioner appealed this decision to the Ohio Supreme Court on April 2, 2012. *See State of Ohio v. Ivory*, No. 12-0550 (Ohio S. Ct. filed April 2, 2012). He asserted one proposition of

law:

> 1. The trial court erred in failing to hold that the offenses of rape, gross sexual imposition and kidnaping were allied offenses of similar import; requiring merger of the offenses for the purpose of sentencing.

*Id.* The appeal was denied and dismissed on June 20, 2012. *Id.*

## HABEAS PETITION

Petitioner then filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 21, 2012. He asserts one ground for relief:

> 1. It is certainly possible under the right set of facts and circumstances to separately commit the offenses of rape, [and] GSI. However, it is not possible to commit the offense of kidnaping as that offense is herein charged without simultaneously committing the offenses of rape and GSI. The testimony presented at trial on January 8, 2001 demonstrated that the state relied solely on the ongoing course of conduct in which the appellant engaged on March 25, 2000 to support the charges for which appellant was ultimately found guilty. In order to defeat merger of these offenses for sentencing purposes, the state was required to establish either that the crimes were committed separately or that the appellant possessed a separate animus.

(Pet. ECF No. 1 at 6).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538

U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct.  *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established federal law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States.  *Williams*, 529 U.S. at 405.  In order to have an "unreasonable application of ... clearly established federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect.  *Id*. at 409.  The provision applies even in cases where the state courts summarily reject a claim or issue a ruling "unaccompanied by an opinion explaining the reasons relief has been denied."  *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011).  Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta.  *Williams*, 529 U.S. at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it

represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary. *Id*. "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). The AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

In addition, a federal court may not grant a Petition for a Writ of Habeas Corpus filed by a person in state custody unless "it appears that ... the applicant has exhausted the remedies available in the courts of the state...." 28 U.S.C. § 2254(b)(1)(A); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, the claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d

365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id*. This does not mean that the Petitioner must recite "chapter and verse" of constitutional law, but the Petitioner is required to make a specific showing of the alleged claim. *Wagner*, 581 F.3d at 414.

**DISCUSSION**

In his only ground for habeas relief, Petitioner contends his convictions for rape, kidnaping, and gross sexual imposition are allied offenses of similar import and, therefore, should have been merged for the purpose of sentencing. Although Petitioner attempted to exhaust his state court remedies, those remedies were foreclosed to him. He filed a Motion for Resentencing ten years after he was sentenced originally. The trial court denied the Motion. He attempted to appeal that decision; however, that appeal was dismissed on the grounds of *res judicata*. The Court of Appeals determined Petitioner could have asserted his claim on direct appeal and was now barred from pursuing this claim. His appeal to the Ohio Supreme Court was dismissed as well.

A federal habeas petitioner can procedurally default a claim by "failing to obtain consideration of [the] claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). When a claim is procedurally defaulted, federal habeas review is barred unless the petitioner can demonstrate cause for the

default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner was prevented from litigating the merits of his claim in state court and has no remedies available to him to assert the claim. His only claim in this habeas petition, therefore, is procedurally defaulted.

Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petition does not suggest any factor external to the defense precluded Petitioner

from raising this claim to the trial court at the time of sentencing or on direct appeal of his conviction. He was represented by counsel at trial and on appeal, and does not given any indication that his counsel was prevented from asserting this claim in the state courts. Moreover, Petitioner cannot claim he has cause for the procedural default because his appellate counsel was ineffective. The United States Supreme Court requires that a claim of ineffective assistance of appellate counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Murray*, 477 U.S. at 488-89. Petitioner asserted a claim for ineffective assistance of appellate counsel but claimed his counsel was ineffective because he did not raise a claim for ineffective assistance of trial counsel. He claimed his trial counsel did not object to the court's practice of allowing jurors to question witnesses. He did not claim at that time that his counsel was ineffective for failing to challenge his sentence. Because this claim of ineffective assistance of appellate counsel would rely on a different theory of recovery, Petitioner has not exhausted his state court remedies with respect to this claim and cannot use it as the basis for establishing cause and prejudice.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Petitioner does not claim he is innocent of the underlying convictions. He contends merely that he should have received a lighter sentence. This is not sufficient to demonstrate a fundamental miscarriage of justice occurred as a result of this procedural default.

**CONCLUSION**

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/16/13